OPINION — AG — IF ALL OF THE PROVISIONS OF 59 O.S. 1965 Supp., 489.1 [59-489.1], HAVE BEEN COMPLIED WITH, MEDICAL DOCTORS WHO ARE PRESENTLY HOLDERS OF EITHER THE CERTIFICATE OF LIMITED INSTITUTIONAL PRACTICE OR CERTIFICATES OF LIMITED INSTITUTIONAL PRACTICE — RESIDENT OR WHO HAVE MADE GOOD FAITH APPLICATION FOR EITHER OF SUCH CERTIFICATES AND ARE DILIGENTLY FOLLOWING THE VARIOUS STEPS REQUIRED TO OBTAIN SUCH CERTIFICATES CAN BE EMPLOYED BY CERTAIN STATE INSTITUTIONS BUT ONLY BY THE TYPE OF STATE HOSPITALS ENUMERATED IN THE STATUTE. HOWEVER, ONLY DOCTORS WHO ACTUALLY ARE HOLDERS OF EITHER OF SUCH CERTIFICATES CAN PRACTICE MEDICINE AS PERMITTED IN 59 O.S. 1965 Supp., 489.1 [59-489.1] CITE: OPINION NO. 66-305 (LARRY ROWE) FILENAME: m0011637 JERRY N. WELCH COUNTY ATTORNEY ATTORNEY GENERAL OF OKLAHOMA — OPINION SEPTEMBER 15, 1966 OPINION — AG — ALTHOUGH THE CUMULATIVE EFFECT OF 25 O.S. 1961 102 [25-102] AND 25 O.S. 1961 106 [25-106] AND RELEVANT CASE LAW IS TO REQUIRE PRINTING WITHIN THE COUNTY BEFORE A NEWSPAPER QUALIFIES UNDER THE STATUTE TO PUBLISH LEGAL NOTICES, 12 O.S. 1961 75 [12-75] IS SUFFICIENT TO ALLOW A NEWSPAPER TO QUALIFY PRINTED IN ANOTHER COUNTY. (PENN LERBLANCE)